appellees under such contract. Upon all these items, except those indicated in the conclusions of law the finding was against appellant. He has not brought up the evidence, and we must therefore assume that the facts were properly found by the trial court. The facts disclosed by the record indicate that the third conclusion of law as restated was, in view of the several issues of fact tendered by appellant and found against him, as favorable to him as the law would justify the court in making it. §621 Burns 1914, §594 R. S. 1881, and authorities there cited.

The record as it comes to us indicates that the cause has been fairly tried and determined, without any error of law harmful to appellant intervening. The judgment below is therefore affirmed.

NOTE.—Reported in 105 N. E. 926. As to demands sufficient to support claims for set-off and counterclaims, see 12 Am. Dec. 152. As to an action at law for the purchase price on the breach by the purchaser of an executory contract for the sale of land, see 4 Ann. Cas. 791. See, also, under (1, 2, 3, 4) 39 Cyc. 1953; (5) 39 Cyc. 1905; (6) 38 Cyc. 1990; (7) 38 Cyc. 1978; (8) 3 Cyc. 383; (9) 31 Cyc. 223; (10) 2 Cyc. 671; (11) 3 Cyc. 310.

## HAIGH v. HAIGH ET AL.

[No. 8,845. Filed June 30, 1914.]

1. APPEAL.—*Confession of Error.*—Confession of error by appellees requires a reversal of the judgment.

From Newton Circuit Court; *Charles W. Hanley*, Judge.

Action between Mary A. Haigh and William Haigh and others. From a judgment for the latter, the former appeals. *Reversed.*

*George A. Williams*, for appellant.
*Abraham Halleck* and *W. R. Hunter*, for appellees.

PER CURIAM.—On confession of error by appellee, the judgment of the lower court is reversed with directions to grant a new trial.

NOTE.—Reported in 105 N. E. 951. See, also 3 Cyc. Anno. (1915) 440-New.